UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Nancy Zimmerman,

    Plaintiff,

vs.                                                 Case No. 3:10-cv-275-J-34MCR

AVMED, Inc.,

    Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (Doc. 18) filed September 17, 2010. Defendant filed a response to this Motion (Doc. 21) on September 29, 2010.[1] Accordingly, the matter is ripe for judicial review.

Plaintiff seeks an Order compelling Defendant to provide responses to her first set of interrogatories and first requests for production of documents. Defendant responds that it has served Plaintiff with its responses to both and therefore, Court intervention is not necessary. The Court notes that this is the second motion to compel filed by Plaintiff and in response to the first motion to compel, the Court directed Defendant to provide reasons why Rule 37 sanctions should not be imposed.

Counsel for Defendant apologized to the Court and to Plaintiff for the lack of responsiveness and ensured the Court that the delays were the result of the press of other matters for counsel and not a reflection on Defendant. Counsel for Defendant

---

[1] Plaintiff has filed a motion seeking leave to file a reply. (Doc. 22).

-1-

also offered to resolve the sanctions issue with counsel for Plaintiff, however, counsel for Plaintiff would not provide a proposal.  Additionally, counsel for Defendant indicated that rather than conducting a conference prior to filing the motions to compel, counsel for Plaintiff instead sent an email approximately twenty-four hours prior to filing the motions to compel.

In the motion for leave to file a reply, counsel for Plaintiff indicates that Defendant's responses to the discovery requests are incomplete and asks for permission to file a reply addressing those deficiencies.  The Court will decline that request at this time.  The Court will strongly suggest the attorneys either sit down in person or conduct a telephone conference to discuss any alleged deficiencies and if they are unable to resolve any disputes, Plaintiff may file another motion to compel.

With respect to the issue of sanctions, based on counsel for Defendant's representations, the Court will not impose any sanctions at this time.  The circumstances surrounding the motions do not warrant sanctions.  While counsel for Plaintiff corresponded with opposing counsel via an email, it does not appear he called counsel for Defendant prior to filing the instant motion.  The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention."  Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996).  The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." Davis v. Apfel, No. 6:98-cv-651-ORL-22A,  2000 WL 1658575, at *2 (M.D. Fla. Aug. 14, 2000).  As it appears counsel for Plaintiff made no attempt to "communicate" with

opposing counsel prior to filing the motions to compel, the undersigned believes an award of sanctions would be unjust.  The Court is confident that had counsel for Plaintiff telephoned and spoke with opposing counsel prior to filing the motions, the parties would have been able to resolve the disputes without court intervention.  Having so ruled, if another motion to compel is filed, the Court will not hesitate to sanction any party or attorney it finds to be taking unreasonable positions or behaving in an unreasonable manner.

Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiff's Motion to Compel (Doc. 18) is **DENIED as moot**.

2. Plaintiff's Motion for Leave to File Reply (Doc. 22) is also **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  1st  day of October, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record